IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN WILLIAMS,

        Plaintiff,                      No. CIV S-07-2191 LKK GGH P

    vs.

FRANK C. DAMRELL, Jr., United
States District Court Judge, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Because the court must recommend summary dismissal of this action, the court will not evaluate plaintiff's declaration to determine whether plaintiff makes the showing required by 28 U.S.C. § 1915(a) and will not assess a filing fee.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised

claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names, as the sole defendants, two judges of the federal court, specifically United States District Court Judge Frank C. Damrell, Jr., and United States Magistrate Judge Edmund F. Brennan, both of the Sacramento Division of the Eastern District of California. Plaintiff purports to sue for a declaratory judgment, injunctive relief and money damages for the defendants alleged failure, inter alia, to comply with specific rules of federal court appellate procedure, in the adjudication and processing of his petition for writ of habeas

\\\\\

corpus, Case No. 98-1816 FCD PAN P.  This court takes judicial notice[1] of court records of plaintiff's habeas petition, which was denied on August 8, 2005, and judgment thereon entered.  Subsequently, plaintiff sought relief from the judgment and his Fed. Rule 60(b) motion was denied on September 1, 2005.  Plaintiff objects herein to the manner of the processing of his appeal of the petition denial.  The court notes that two docket entries in Case No. 98-1816 demonstrate that the Ninth Circuit has twice denied plaintiff, as petitioner, a writ of mandamus with respect to plaintiff's challenge to the order, filed on October 6, 2005, denying plaintiff's request for, as petitioner, an extension of time to file an appeal.  See Orders, filed in this court's docket of Case No. 98-1816 FCD PAN P, on September 29, 2006, and on May 21, 2007.

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967); see also, Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986); Richardson v. Koshiba, 693 F.2d 911, 913-914 (9th Cir. 1982).  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 500 (1985) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872).[2]  A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  Stump v. Sparkman, 435 U.S. 349, 356-7, 98 S. Ct. 1099 (1978), quoting Bradley, supra, 13 Wall. at 351.  A judge's jurisdiction is quite broad.  The

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Although plaintiff does not seek to impugn the defendants with such inflammatory allegations, he is informed that the longstanding doctrine of judicial immunity "applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'"  Pierson v. Ray, at 554, 87 S. Ct. at 1218, citing Scott v. Stansfield, L.R. 3 Ex. 220, 223 (1868), quoted in Bradley, supra, at 349.

two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

There can be no question that plaintiff sues these defendants for money damages for actions that are wholly judicial in nature. Therefore, plaintiff's money damages claims should be dismissed with prejudice.

As to plaintiff's claims for prospective injunctive relief, while the Supreme Court has found that there is no judicial immunity for claims of prospective injunctive relief, at least in the context of federal judges enjoining state court judges under 42 U.S.C. § 1983, Pulliam v. Allen, 466 U.S. 522, 539-42, 104 S. Ct. 1970, 1979-1981 (1984), in this case plaintiff is suing under § 1983 for actions taken by judicial officers "for an act or omission *taken in such officer's judicial capacity,* for which "injunctive relief shall not be granted."[3]  Wolfeman v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004)[emphasis in original]. Moreover, the Ninth Circuit has held that:

> when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief. The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to

---

[3] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.* For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia." 42 U.S.C. § 1983 [emphasis added.]

1         actions for declaratory, injunctive and other equitable relief.

2 Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987).

3         In doing so, the federal appellate court explained, citing Pulliam, supra:

> The reasoning of Pulliam simply is inapplicable to a Bivens action. There is no need to carve out an exception to judicial immunity to permit declaratory and injunctive relief against federal judicial officers. Should a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code. [] Through these procedures, a litigant, such as Mullis, receives full federal court review of allegations of deprivations of federal constitutional rights by federal judicial officers acting under color of federal law. To allow an action for declaratory and injunctive relief against federal officials who would be entitled to judicial immunity from damages merely engenders unnecessary confusion and a multiplicity of litigation.

Mullis, supra, at 1394.

        The court will recommend summary dismissal with prejudice because the undersigned finds that the defects of this complaint cannot be cured. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).

        Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203

F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint be summarily dismissed with prejudice and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/3/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
will2191.fr